**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SPACE NEEDLE, LLC,<br><br>              Petitioner,<br><br>   v.<br><br>NATIONAL LABOR RELATIONS<br>BOARD,<br><br>              Respondent. | No.    15-70520<br><br>NLRB Nos.  19-CA-098988<br>                   19-CA-107024<br>                   19-CA-098936<br>                   19-CA-098908<br>                   19-CA-108459<br>National Labor Relations Board<br><br>MEMORANDUM* |
| NATIONAL LABOR RELATIONS<br>BOARD,<br><br>              Petitioner,<br><br>   v.<br><br>SPACE NEEDLE, LLC,<br><br>              Respondent. | No.    15-70630<br><br>NLRB Nos.  19-CA-098988<br>                   19-CA-107024<br>                   19-CA-098936<br>                   19-CA-098908<br>                   19-CA-108459 |

On Petition for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board

Argued and Submitted June 8, 2017
Seattle, Washington

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Space Needle, LLC petitions for review, and the National Labor Relations Board (the "Board") cross-petitions for enforcement, of the Board's order finding that Space Needle violated Sections 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3) and (1), by failing to recall servers Julia Dube and Tracey McCauley from layoff. We have jurisdiction under 29 U.S.C. § 160(e) and (f), and we affirm.

We are required to uphold the Board's findings of fact if they are supported by substantial evidence. *E. Bay Auto. Council v. N.L.R.B.*, 483 F.3d 628, 633 (9th Cir. 2007). "[I]nferences drawn by the Board should not be replaced by our own, if the record supplies a reasonable basis to support those drawn by the Board." *N.L.R.B. v. Winkel Motors, Inc.*, 443 F.2d 38, 40 (9th Cir. 1971) (per curiam).

The standard of review drives our decision here. Based on the ALJ's credibility determinations, the temporal sequence of events, the conduct of the parties, and the corroborating testimony, substantial evidence supported the ALJ's conclusions that the Board made its prima facie showing that Dube's protected activity was a substantial or motivating factor in the failure to recall Dube and McCauley and that Space Needle failed to demonstrate that it would have taken the same action regardless of Dube's union activity. *Frankl ex rel. N.L.R.B. v. HTH Corp.*, 693 F.3d 1051, 1062 (9th Cir. 2012).

2

Accordingly, Space Needle's petition for review is **DENIED** and the Board's cross-application for enforcement is **GRANTED** with respect to the matters addressed in this disposition.[1]

Each party shall pay its own costs on appeal.

---

[1] On June 6, 2017, we granted the parties' joint motion to dismiss all other issues raised in this appeal.